UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03257-WLH-PVC | Date | February 25, 2026 |
|---|---|---|---|
| Title | *Cameron Parker v. St. Mary Medical Center et al* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Lesbith Castillo | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:    (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND DENYING MOTION FOR ATTORNEYS' FEES [13]**

The Court is in receipt of Plaintiff's Motion to Remand (the "Motion"). ("Plaintiff's Motion to Remand," Dkt. No. 13). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (*See* Standing Order, Docket No. 10 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for February 27, 2026 is **VACATED**, and the matter taken off calendar. For the reasons explained herein, the Court **DENIES** Plaintiff's Motion.

## I.    BACKGROUND

Plaintiff Cameron Parker ("Plaintiff") brought this suit against Defendants St. Mary Medical Center, Providence Health and Services and Aaron Flores ("Defendants") alleging the following causes of action: (i) Associational Disability Discrimination in Violation of FEHA; (ii) Failure to Prevent Discrimination and Harassment in Violation of FEHA; (iii) Failure to Accommodate; (iv) Failure to Engage in Good Faith Interactive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Process; (v) Retaliation in Violation of FEHA; (vi) Retaliation for Exercising CFRA Leave; (vii) Retaliation in Violation of California Labor Code § 1102.5; (viii) Wrongful Termination in Violation of Public Policy; (ix) Failure to Pay Overtime Compensation; (x) Failure to Pay Minimum Wage; (xi) Failure to Provide Meal Periods; (xii) Failure to Provide Rest Breaks; (xiii) Failure to Pay Wages Due Upon Termination; Waiting Time Penalties; (xiv) Failure to Issue Accurate and Itemized Wage Statements; and (xv) Unlawful Business Practices in Violation of CA B&P Code 17200.  ("Complaint," Dkt. No. 1-2) ("Compl.").  Plaintiff served as an Executive Chef for Defendants beginning on September 29, 2014.  (Mot. at 2).  Throughout his employment, Plaintiff alleges that he was "a high-performing employee whose culinary expertise and commitment to patient care were consistently praised by management."  (*Id*.).  In his 2022 annual performance review, Plaintiff's supervisor, Defendant Flores, described him as a "very valuable member of the team."  (*Id*.).

On March 25, 2025, Plaintiff's mother suffered a "catastrophic" injury resulting in a disability.  (*Id*. at 3).  As a result Plaintiff requested intermittent leave under the California Family Rights Act ("CFRA") to care for her.  (*Id*.).  In early April of 2025, Plaintiff requested "a reasonable accommodation" from Defendant Flores to periodically extend his meal periods to afford him time to care for his mother.  (*Id*.).  Plaintiff alleges Defendant Flores explicitly approved this request by informing Plaintiff to "do what you have to do."  (*Id*.).  Plaintiff subsequently extended four meal periods by ten to thirty minutes each, having been allegedly assured by his supervisor that these absences were authorized.  (*Id*.).  Plaintiff alleges that despite Defendant Flores' express verbal authorization, Defendants used these four instances as the sole basis for an attendance investigation.  (*Id*.).  During a meeting with Human Resources, Plaintiff alleges that Defendant Flores admitted that he had granted Plaintiff's request for the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

accommodation. (*Id.*). On April 17, 2025, however, Defendants terminated Plaintiff for "taking extended meal breaks." (*Id.*). Defendants' official records characterize this as an "involuntary discharge for a policy violation." (*Id.*).

Nearly a month before his termination, Plaintiff became subject to a Collective Bargaining Agreement ("CBA") that was effective beginning on March 28, 2025. ("Declaration of Katie Taylor," Dkt. No. 15-1, Ex. C) ("Taylor Decl."). Under the CBA, Plaintiff's regular hourly base rate was $24.32 (*id.* at 56) and Plaintiff worked eight-hour shifts (Compl. ¶ 13). Additionally, as it relates to Plaintiff's meal break provision, the CBA states, "[m]eal periods are provided so employees may obtain nourishment and relaxation from their work duties. Meal periods are provided to employees as follows: employees are eligible for one unpaid half hour (½) meal period, inclusive of travel time, for each work period of more than five (5) hours per workday. As examples, an employee who works either a full eight (8) or ten (10) hour shift is entitled to one (1) meal period per workday." (Taylor Decl., Ex. C, at 31). The relevant overtime provision asserts, "[a]n employee who is regularly scheduled to work eight (8) hour shifts is assigned to an '8 and 80 work schedule and will be paid one and one half (1½) times his/her regular rate of pay for all hours worked after the first eight (8) hours in a workday or over eighty (80) hours in a fourteen (14)-day biweekly pay period and two (2) times his/her regular rate of pay for all hours worked after the first twelve (12) hours in a workday." (*Id.* at 29). The CBA's rest period provision states, "[r]est periods are provided so employees may have the opportunity to relax during their work shift. Employees are authorized and permitted to take rest periods as follows: employees are eligible for one paid rest period for each four (4) hours worked daily, or major fraction thereof, except that no rest periods are due if an employee works less than three and one half (3½) hours in a workday." (*Id.* at 30).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Plaintiff filed the instant Motion on January 19, 2026, arguing that removal is improper.  (Mot., Dkt. No. 13).  On February 6, 2026, Defendants opposed the Motion (Opp'n., Dkt. No. 15), and Plaintiff replied to the Opposition (Reply, Dkt. No. 16).

## II.    DISCUSSION

### A. Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citations and quotation marks omitted).  Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in state court to federal court only where the district court would have original jurisdiction.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "A defendant seeking removal must file in the district court a notice of removal 'containing a short and plain statement of the grounds for removal."  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (citing 28 U.S.C. § 1446(a)).

Although "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," when the allegation is challenged, "[e]vidence establishing the amount is required."  *Id.*  "[B]oth sides submit proof," and the court decides whether the defendant has demonstrated, by a preponderance of the evidence, that the amount in controversy requirement has been satisfied.  *Id*. at 1198.  Such evidence may include "affidavits or declarations, or other summary-judgment-type evidence relevant to the amount in controversy at the time of removal."  *Id*. at 1197 (internal quotation marks omitted) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  Whether the defendant satisfies this requirement is "to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure" as "mere speculation and conjecture, with unreasonable assumptions" cannot suffice.  *Id*. at 1197-98.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

In their Notice of Removal, Defendants assert that this Court has jurisdiction because a federal question exists under Section 301 of the Labor Management Relations Act ("LMRA") of 1947 (29 U.S.C. § 185), which provides: "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this [Act], or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a) ("Section 301").

In general, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000). Thus, removal is usually not appropriate for "[a] defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc*, 482 U.S. at 393. "A corollary to the well-pleaded complaint rule is the 'complete preemption' doctrine, which applies in cases in which 'the preemptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *In re NOS Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1057 (9th Cir. 2007) (quoting *Caterpillar*, 482 U.S. at 393). One such statute is § 301 of the LMRA. In *Curtis v. Irwin Industries, Inc.*, the Ninth Circuit expressly found that § 301 was an exception to the general rule that "federal preemption is a defense that does not authorize removal to federal court, [because] § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

pleaded complaint rule.'"  913 F.3d 1146, 1152 (9th Cir. 2019).  As a result, "a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court." *Id*.

### B. <u>Analysis</u>

Plaintiff moves to remand under the argument that removal is jurisdictionally defective as claims arise solely under independent state statutes and complete diversity[1] does not exist.  (Mot. at 2).  Plaintiff also requests attorneys' fees.  (*Id*. at 6).  For the reasons set for below, the Court disagrees.  Thus, the Motion is **DENIED**.

### 1. *Preemption of Plaintiff's Overtime Claim*

Plaintiff moves to remand claiming that Plaintiff's wage and hour claims arise directly from the protections of the California Labor Code and exist independently of a union contract.  (*Id*. at 5).  Thus, Plaintiff alleges that his state law claims are not preempted "where the resolution requires only a mere reference to the terms of a CBA." (*Id*.).

To determine if a claim is preempted by Section 301, the courts rely on a two-step test.  *Curtis*, 913 F.3d at 1152.  First, the court must determine whether the asserted cause of action involves a "right [that] exists solely as a result of the CBA." *Id*. (quoting *Burnside v. Kiewit Pac. Corp*., 491 F.3d 1053, 1059 (9th Cir. 2007)).  As to this first step the courts ask, "[d]oes the claim seek 'purely to vindicate a right or duty created by the CBA itself[?]'" *Id*. (quoting *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920-21 (9th

---

[1] Defendants removed on the basis of federal question jurisdiction, not diversity jurisdiction. (*See* "Notice of Removal," Dkt. No. 1 at 2) ("Plaintiff Cameron Parker's ('Plaintiff') claims substantially depend on the interpretation of a collective bargaining agreement ('CBA') and are preempted under section 301 of the Labor Management Relations Act ('LMRA'), 29 U.S.C. § 185, et seq.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Cir. 2018)).  If so, "then the claim is preempted, and [the] analysis ends there." *Id*. (quoting *Burnside*, 491 F.3d at 1059).

When an asserted labor code or wage order claim is covered by an available collective bargaining agreement exemption, such that there exists no valid underlying state law claim, the inquiry is resolved in favor of preemption at the first step. *See, e.g., Jones v. Sysco Ventura Inc*., 2021 WL 6104193, at *7 (C.D. Cal. Sep. 1, 2021) (overtime and meal period claims preempted where Labor Code §§ 512 and 514 exemptions applied); *see also Giles v. Canus Corp*., 2022 WL 3370793, at *4-5 (N.D. Cal. Aug. 16, 2022) (meal period claim preempted where Labor Code § 512 exemption applied). California Labor Code Section 514 asserts, "Sections 510 and 511 do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."  A CBA satisfies the requirements of Section 514 if it expressly provides for "the wages, hours of work, and working conditions of the employees, and . . . premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."  Cal. Lab. Code § 514.  The Ninth Circuit established that if plaintiffs' CBAs meet the requirements of Section 514, the plaintiffs' right to overtime "exists solely as a result of the CBA," and therefore is preempted under Section 301.  *Curtis*, 913 F.3d at 1154 (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024, 1032 (9th Cir. 2016)).  Section 512(a), the general meal break statute, also contains an exemption and it is identical to that of Section 514, except that it only exempts certain types of employees

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

and also requires the CBA to expressly provide for meal periods and binding arbitration of disputes about the meal period provisions. *Jones*, 2021 WL 6104193, at *7.

If the claim cannot satisfy the first step, the court proceeds to the second step to determine "whether a plaintiff's state law right is substantially dependent on analysis of [the CBA]," which turns on whether the claim cannot be resolved by simply "look[ing] to" versus "interpreting" the CBA. *Kobald*, 832 F.3d at 1033. At this second step of the analysis, "claims are only preempted to the extent there is an active dispute over 'the meaning of contract terms.'" *Alaska Airlines*, 898 F.3d at 921; *see Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) ("[W]hen resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim, or dismissed as preempted by federal labor-contract law") (internal citations omitted). Accordingly, a state law claim may avoid preemption if it does not raise questions about the scope, meaning or application of the CBA. *Curtis*, 913 F.3d at 1153.

Here, Defendants assert that Section 301 preempts Plaintiff's overtime and rest period claims, and thus this Court has original jurisdiction, because the Complaint includes claims that can only be brought as contractual claims under a CBA due to express CBA exemptions in the California Labor Code. (*See generally* Opp'n.). Pursuant to the first step in the *Curtis* analysis, claims that fall within these exemptions "convert" into federal claims because the state laws underlying the claims, as pled, do not apply. *Curtis*, 913 F.3d at 1152. Plaintiff's overtime claim is preempted by Section 301 pursuant to step one of the *Curtis* analysis because Plaintiff's overtime claim is covered by the exemption Section 514 because the relevant CBA meets the requirements of Section 514. (*See generally* Taylor Decl., Ex. C). Specifically, the relevant CBA provides for: the wages, hours of work and working conditions of employees (Taylor

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Decl., Ex. C, at 1, 29, 56), the premium wage rates for all overtime hours worked (*id*. at 29) and the regular hourly rate of pay for covered employees was greater than 30% above the state minimum wage (*see id*. at 56) (Plaintiff's hourly rate of $24.32 was greater than 30% of the then-state minimum wage rate of $16.50).

Other courts have agreed with this position.  For example, in *Hussein v. Marin Gen. Hosp*., No. 24-CV-06296-KAW, 2025 WL 56416, at *4 (N.D. Cal. Jan. 9, 2025), the court found that the relevant CBA satisfied Section 514's requirements and thus held that the court had federal question jurisdiction over the overtime claim as plaintiff's right to overtime existed as a result of the relevant CBA.  *See Campos v. Green Diamond Res. Co*., No. 25-CV-00663-AMO, 2025 WL 1518319, at *3 (N.D. Cal. May 28, 2025) ("Because the CBA meets the requirements of Section 514, Campos's right to overtime exists solely as a result of the CBA and is thus preempted under Section 301."); *Clee v. Benson Industries, Inc*., Case No. 2:24-cv-01529-DAD-AC, 2024 WL 4462337, at *4 (E.D. Cal. Sep. 30, 2024) ("When the requirements of § 514 are satisfied by a CBA, the right to overtime compensation exists solely as a result of the CBA and is preempted under § 301.").

Plaintiff opposes Defendants' argument on two separate grounds.  First, Plaintiff contends that the CBA that Defendants rely on is inadmissible evidence as it was provided within a declaration of Defendant Providence Health & Services' Chief Human Resources Officer who allegedly lacks the requisite personal knowledge.  (Reply at 6). Plaintiff also fails to cite any authority to support his argument.

The Court finds this argument unpersuasive for multiple reasons.  First, parties may submit evidence outside of the complaint, such as declarations, to establish jurisdictional facts.  *See Leite v. Crane Co*., 749 F.3d 1117, 1121 (9th Cir. 2014) (finding that defendants challenging plaintiffs' jurisdictional allegations may introduce evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

outside the pleadings).  "The CBAs are also properly considered not to be in reasonable dispute under Federal Rule of Evidence 201(b) because they 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Marquez v. Toll Glob. Forwarding (USA) Inc.*, No. 218CV03054ODWASX, 2018 WL 3218102, at *2 (C.D. Cal. June 28, 2018) (quoting Fed. R. Evid. 201(b)).

Second, the Court concludes that the Chief Human Resources Officer is a competent corporate representative to authenticate and submit the CBA in connection with the pending motion.

Plaintiff also refutes the preemption of the overtime claim because "Defendants have not provided a detailed analysis showing that the specific wage schedules applicable to Plaintiff meet this threshold."  (Reply at 6).  The Court disagrees on this score as well. Plaintiff does not cite any authority to support this argument that Defendants had to provide a detailed analysis.  In addition to Defendants' presentment of the CBA (Taylor Decl., Ex. C at 56) that demonstrated that Plaintiff's wages were greater than 30% of the then-state minimum wage rate, Plaintiff presents his regular hourly rate of pay in the Complaint (Compl. ¶ 20), which also supports Defendants' position.

"[T]o ignore statutory exemptions like section 514 would encourage the type of 'artful pleading' that the Ninth Circuit discourages."  *Padilla v. Ames Constr., Inc.*, No. 2:25-CV-03522-AH (ASX), 2025 WL 1738656, at *6 (C.D. Cal. June 20, 2025); *see Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987) (encouraging courts to "look[ ] beyond the face of the complaint to determine whether the contract claim [is] in fact a § 301 claim for breach of a collective bargaining agreement 'artfully pleaded' to avoid federal jurisdiction.").  Therefore, the Court finds that Plaintiff's overtime claim is preempted under § 301.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

### 2. *Preemption of Plaintiff's Rest Period Claim*

Further, Plaintiff's rest period claim is preempted by Section 301 pursuant to the second step of the preemptive analysis because it requires interpretation of the relevant CBA.  If the claim cannot satisfy the first step of the preemption analysis, the court proceeds to the second step to determine "whether a plaintiff's state law right is substantially dependent on analysis of [the CBA]," which turns on whether the claim cannot be resolved by simply "look[ing] to" versus "interpreting" the CBA.  *Kobald*, 832 F.3d at 1033.  Here, the rest break provision of the CBA "permit[s]" employees to "have the opportunity to relax during their work shift."  (Taylor Decl., Ex. C at 30).  The court in *Marquez v. Toll Glob. Forwarding (USA) Inc.*, No. 218CV03054ODWASX, 2018 WL 3218102, at *3 (C.D. Cal. June 28, 2018), found, while analyzing a similar provision, that "it is not entirely clear what it means to 'permit' an employee to take a break."  Likewise, it is not entirely clear what it means to "have the opportunity to relax" (Taylor Decl., Ex. C at 30) during a work shift.

Furthermore, Plaintiff alleges Defendants scheduled him in a way that failed to reasonably ensure he could take rest breaks during his shift.  (Compl. ¶ 150).  In *Marquez*, the court relied on materially similar allegations in concluding that the relevant CBA provision satisfied the second step of the preemption analysis.  2018 WL 3218102, at *3.  The Court finds that reasoning persuasive here as well.  Therefore, adjudication of this claim will require analysis of Defendants' scheduling policies, combined with analysis of what it means under the CBA to "permit" an employee to take a break.  Indeed, "[t]he question will hinge on how Defendants' policies prevented employees from taking the breaks he was permitted." *Marquez*, 2018 WL 3218102, at *3.  Addressing Plaintiff's rest break claim will require more than merely applying the terms of the CBA because it will require interpretation, "and the parties will likely dispute the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

meaning of these terms." *Id*. Therefore, the Court finds that Plaintiff's rest period claim is also preempted under § 301. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987) ("extraordinary pre-emptive power" of Section 301 "converts an ordinary state common law complaint into one stating a federal claim").

### 3. Plaintiff's Derivative Claims

Defendants assert that Plaintiff's claims of (i) failure to pay wages due upon termination, (ii) failure to issue accurate and itemized wage statements and (iii) unlawful business practices are derivative of Plaintiff's overtime and rest period claims, and thus, should be preempted. (Opp'n. at 17-18). The courts have concluded that derivative claims are preempted where the underlying claims were preempted by the LMRA. *See, e.g., Giles*, 2022 WL 3370793 at *6 (finding derivative claims for wage statement violations, waiting-time penalties and UCL violations were preempted where underlying minimum wage, overtime, and meal period claims were preempted by the LMRA); *Vasquez v. Packaging Corp. of Am.*, Case No. 19-cv-1935 PSG (PLAx), 2019 WL 4543106, at *4 (C.D. Cal. June 7, 2019) (finding, where an overtime claim was preempted by LMRA, remaining claims for wage statement violations, waiting-time penalties, and UCL violations likewise were preempted "to the extent they [were] derivative of [the] overtime claim"); Padilla, 2025 WL 1738656, at *7 ("to the extent the underlying claims are preempted, as discussed above, the Court finds that these claims are also preempted.").

Here, Plaintiff's claims of failure to pay wages due upon termination, failure to issue accurate and itemized wage statements and unlawful business practices derive from Plaintiff's preempted overtime and rest period claims. For example, Plaintiff asserts his failure to pay wages due upon termination claim by contending that Defendants failed to compensate all due wages and all premium wage penalties associated with his rest breaks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

(Compl. ¶ 159).  Plaintiff also contends, related to this same claim, that Defendants failed to properly compensate him at the appropriate overtime rate of pay for overtime work completed during his employment (*id*. ¶ 160).  As for Plaintiff's claim regarding Defendants' failure to issue accurate wage statements, Plaintiff alleges, "Defendants' failure to provide or maintain an accurate record of overtime hours worked and minimum wages earned specifically injured Plaintiff by depriving Plaintiff of all wages and earnings earned.  (*Id*. ¶ 165).  Related to this claim, Plaintiff also asserts, "Defendants have willfully and intentionally violated California Labor Code § 226(a) by failing to show the total hours worked, failing to show the applicable overtime rates paid or owed, failing to record overtime hours worked, and failing to pay overtime rates."  (*Id*. ¶ 166). Finally, Plaintiff's UCL claim relies on Defendants' alleged failure to properly tender Plaintiff his overtime wages and provide enough time for rest periods.  (*See generally* Compl.).  As such, the Court finds that these claims are likewise preempted by the LMRA as these claims are derivative of Plaintiff's overtime and rest period claims.  *See Padilla*, 2025 WL 1738656, at *7 (concluding that plaintiff's failure to pay wages due at termination, wage statement violations and UCL claims were preempted as the underlying overtime claim was preempted).

### 4. Supplemental Jurisdiction

The Court finds that it may exercise supplemental jurisdiction over Plaintiff's claims of (i) Failure to Pay Minimum Wage and (ii) Failure to Provide Meal Periods. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy[.]"  *Rodriguez v. USF Reddaway Inc*., 2022 WL 18012518, at *6 (E.D. Cal. Dec. 30, 2022) (quoting 28 U.S.C. § 1367(a)).  The Ninth Circuit held that "a district

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

court may exercise supplemental jurisdiction over claims that are brought in conjunction with claims that are preempted by the LMRA." *Brown v. Brotman Med. Ctr., Inc.*, 571 F. App'x 572, 576 (9th Cir. 2014). Thus, "the preemption of one claim is sufficient to establish original jurisdiction over those claims and a basis for supplemental jurisdiction as to all other claims." *Jimenez v. Young's Mkt. Co., LLC*, No. 21-CV-02410-EMC, 2021 WL 5999082, at *13 (N.D. Cal. Dec. 20, 2021). "Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004) (quoting *Trs. of the Constr. Indus. & Laborers Health & Welfare v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003)).

These two claims "arise from the same working conditions and relationship with Defendant during the same period as Plaintiff's overtime and rest period claims." *Gay v. Pac. Steel Grp.*, No. 20-cv-08442-HSG, 2021 WL 2917095, at *3 (N.D. Cal. June 15, 2021). As such, the Court finds Plaintiff's remaining predicate claims derive from a "common nucleus of operative fact" and the Court asserts supplemental jurisdiction over the remaining claims. *See Padilla*, 2025 WL 1738656, at *7 (concluding that the court could exercise supplemental jurisdiction over plaintiff's minimum wage claim as this claim and plaintiff's preempted claims "derive from a common nucleus of operative fact"). Therefore, the Court will exercise supplemental jurisdiction over these two claims.

The Court also finds that it may exercise supplemental jurisdiction over Plaintiff's remaining claims of Associational Disability Discrimination in Violation of FEHA, Failure to Prevent Discrimination and Harassment in Violation of FEHA, Failure to Accommodate, Failure to Engage in Good Faith Interactive Process, Retaliation in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Violation of FEHA, Retaliation for Exercising CFRA Leave, Retaliation in Violation of California Labor Code § 1102.5 and Wrongful Termination in Violation of Public Policy. In *Bridget v. Telecare Corp.*, No. 219CV01224ABJCX, 2019 WL 1931740 (C.D. Cal. May 1, 2019), the relevant complaint asserted the following causes of action: (i) Violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900, et seq., (ii) Breach of Express Oral Contract not to Terminate Employment without Good Cause (iii) Breach of Implied-In-Fact Contract not to Terminate Employment without Good Cause, (iv) Negligent Hiring, Supervision, and Retention, (v) Wrongful Termination in Violation of Public Policy, (vi) Violation of California Labor Code Section 1102.5 and (vii) Intentional Infliction of Emotional Distress ("IIED").  The court found that two of the claims were preempted by Section 301.  *Id*. at \*3.  As to the remaining claims, the court exercised supplemental jurisdiction over these claims because these claims were brought in conjunction with claims that were preempted by the LMRA.  *Id*. at \*4.  The court stated, "[t]he Court finds that Plaintiff's remaining claims are within the supplemental jurisdiction of this Court."  *Id*.; *See Brown v. Brotman Med. Ctr., Inc.*, 571 F. App'x 572, 576 (9th Cir. 2014) ("[A] district court may exercise supplemental jurisdiction over claims that are brought in conjunction with claims that are preempted by the LMRA.").  "Thus, to the extent that Plaintiff's remaining claims fall outside the scope of preemption, the Court exercises supplemental jurisdiction."  *Bridget*, 2019 WL 1931740, at \*4.  Another court in this District supports the position that this Court can exercise supplemental jurisdiction over the remaining claims.  In *Saxe v. Cast & Crew Payroll*, LLC, No. CV1501872SJOVBKX, 2015 WL 4648041, at \*9 (C.D. Cal. Aug. 4, 2015), the court states, "in order for this Court to have supplemental jurisdiction over Plaintiff's non-preempted FEHA claim, the FEHA claim must form part of the same case or controversy as the claim preempted under § 301.  In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

the § 301 context, a preempted claim need only be asserted within the same complaint as a non-preempted claim to satisfy this requirement."

Here, these remaining claims were asserted within the same complaint as the preempted claims and there is some overlap in operative facts.  Thus the "same case or controversy" requirement of supplemental jurisdiction has been satisfied.  *See Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 559 (2005) ("[i]f the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a 'civil action' within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint.").  Accordingly, the Court will exercise supplemental jurisdiction over these remaining claims.

### 5.  Attorneys' Fees

Plaintiff moves for attorneys' fees under the argument that Defendants' removal was unreasonable.  (Mot. at 6).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Cap. Corp*., 546 U.S. 132, 141 (2005).  In applying this rule, "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id*.  The Court finds that Defendants' preemption arguments establish that Defendants had an objectively reasonable, and ultimately meritorious, basis for removal.

In opposition, Plaintiff asserts, "[b]ecause the resolution of Plaintiff's claims centers on a factual inquiry into Defendants' retaliatory motive and the specific conduct of supervisor Aaron Flores rather than an interpretation of the . . . CBA, Defendants had no reasonable grounds to conclude that preemption applied." (Mot. at 6).  Defendants' Notice of Removal, however, does not challenge Plaintiff's first eight causes of action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

pertaining to Defendants' alleged retaliatory motive and the supervisor's conduct. (*See generally* Notice of Removal). Instead, Defendants' notice of removal challenges Plaintiff's seven causes of action pertaining to wage and hour claims that this Court found were either preempted by Section 301, establishing federal question jurisdiction, or were derived from preempted claims, establishing supplemental jurisdiction. Thus, Defendants did have an objectively reasonable basis for removal. The Court **DENIES** Plaintiff's request for attorneys' fees.

### III.  CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion to Remand in its entirety.

**IT IS SO ORDERED.**